# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

ANTHONY HOLLIDAY,                                                                               PETITIONER

v.                                                                No. 1:12CR13-NBB-DAS

UNITED STATES OF AMERICA                                          RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the motion of Anthony Holliday to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be denied.

### Section 2255 Proceedings

Section 28 U.S.C. § 2255 permits an inmate serving a sentence after conviction of a federal crime "to move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of *habeas corpus*, *see* 28 U.S.C. §§ 2241, 2254, a § 2255 motion sets forth only four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thus, a prisoner must claim either a constitutional violation or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then require the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings,* Rules 6–7.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must decide whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings,* Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing if the prisoner fails to produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke,* 350 F.3d 461, 472 (5th Cir. 2003). For other errors at the trial court level, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson,* 507 U.S. 619, 637 (1993); *see also United States v. Chavez,* 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the court

finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**Procedural Posture**

Anthony Holliday was indicted on February 22, 2012, in the Northern District of Mississippi on the charge of failing to register as a sex offender under 18 U.S.C. § 2250(a), the Federal Sex Offender Registration and Notification Act ("SORNA"). Doc. 1. He pled guilty to the charge on April 15, 2013, and the court imposed a sentence 30 months imprisonment in the custody of the United States Bureau of Prisons, 5 years of supervised release, and a special assessment of $100.00. Doc. 29. Holliday did not pursue a direct appeal of his conviction or sentence. He filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on August 5, 2014, setting forth the following claims (restated by the court for the sake of clarity and brevity):

(1) The court lacked subject matter jurisdiction over the criminal charges because Holliday had not been convicted of a sex offense under federal law – and because he did not travel in interstate or foreign commerce during the relevant period; and

(2) Counsel was ineffective for advising Holliday to plead guilty when he was not subject to the registration requirements of SORNA – thus invaliding his guilty plea as unknowing and involuntary.

Mr. Holliday was incarcerated when he filed the instant suit; as such, he meets the "in custody" requirement to seek federal *habeas corpus* relief. In addition, though he has since been released from custody, his petition remains viable, as he alleges that he is actually innocent of the crime of his conviction, rather than challenging only the sentence imposed. *Lane v. Williams*, 455 U.S. 624, 631 (1982).

## The Instant Petition is Frivolous

"The Federal Sex Offender Registration and Notification Act (SORNA) requires all convicted sex offenders to provide state governments with, and to update, information, *e.g.* names and current addresses, for a state and federal sex offender registries." *Reynolds v. United States*, 132 S. Ct. 975, 181 L. Ed. 2d 935 (2012). The sex offense triggering SORNA registration and update requirements may arise out of state or federal criminal law. 18 U.S.C. § 2250(a); *Carr v. United States*, 560 U.S. 438, 446, 130 S. Ct. 2229, 2235, 176 L. Ed. 2d 1152 (2010). It is a violation of 18 U.S.C. § 2250 for any person who is required to register under the Federal Sex Offender Registration and Notification Act to travel in interstate commerce and to knowingly fail to register as a sex offender or update a sex offender registration. *Id.*

In the instant case, Anthony Holliday admitted during his guilty plea each of the elements necessary to establish a violation of SORNA. *See Transcript of Change of Plea*, April 15, 2013. He was convicted of Lewd and Lascivious Battery of a Victim Under the Age of 16 on December 19, 2005, in Manatee County, Florida. Arrest reports relating to this offense revealed that on two occasions between August 15, 2004, and August 31, 2004, Holliday had sexual intercourse with a victim who was between the ages of 12 and 16 years old. *Presentence Investigation Report, "PSR" at ¶ 25 dated May 31, 2013.* Under SORNA, Holliday must register as a sex offender based upon this conviction. In addition, under 42 U.S.C. § 16911, the conviction in this case establishes Holliday as a Tier 2 Sex Offender, as the sexual act involved a victim who was at least 12 years of age, but less than 16 years, and the he was at least four years older than the victim. *PSR* at ¶ 6.

Holliday clearly understood this requirement under SORNA because he began registering as a sex offender in Alabama and signed a sex offender declaration form acknowledging his registration duties on several occasions, including December 2, 2010. *Factual Basis in USA v. Anthony Holliday, dated April 15, 2013 and PSR at ¶ 7* (attached to the government's response to the instant § 2255 motion). However, Holliday was not compliant with his registration duties in Alabama, and was convicted in Bay Minette, Alabama, of both a Community Notification Act violation in June of 2008, and a Failure to Register in February of 2012. *See PSR*, ¶ 27 and 28.

In January 2012, Alabama issued a warrant for Holliday's arrest for violating SORNA, and the Gulf Coast Regional Fugitive Task Force assisted Alabama authorities in locating and apprehending him. Members of the Fugitive Task Force determined that Holliday was residing at 108 Country Lane in Plantersville, Mississippi, and located him there on January 24, 2012. Holliday fled the residence as the Marshals approached, led them on a brief foot chase, and was quickly arrested. *See PSR at ¶ 8 and Factual Basis.*

In the face of these uncontroverted facts, Mr. Holliday's Motion to Vacate is frivolous. Holliday obviously traveled in Interstate Commerce after he failed to register under SORNA. He was present in Alabama in 2010 when he signed the sex offender acknowledgment form, and in 2012 when he was convicted for failure to register. He was found in Mississippi in 2013. He crossed state lines (from Alabama to Mississippi) after SORNA's enactment. In addition to the physical evidence showing that Holliday traveled across state lines, he admitted to arresting agents in January 2012 – and again at his change of plea hearing in 2013 – that he moved from Alabama to Mississippi in late 2012. He also admitted that he had not registered as a sex offender since he moved to Mississippi.

**Conclusion**

In sum, Mr. Holliday's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 will be dismissed as frivolous. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 16th day of June, 2017.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE